UNITED STATES DISTRICT FOURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:02-CV-00076-R     '05   JAN 26   A11 :44


GERARD A. BAILEY                                                    PLAINTIFF,


VS.


PAPA JOHN'S U.S.A., INC.                                    DEFENDANT

---

## SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION
## FOR ATTORNEY'S FEES, LITIGATION EXPENSES AND COSTS

---

Kurt W. Anderson submits his Supplemental Response to Defendant's Motion for Attorney's Fee's.

### I. INTRODUCTION

Defendant, being successful with his Motion for Summary Judgment granted by this Court on November 12, 2004, now seeks attorney's fees and costs in excess of $94,000.00. Undersigned never participated in the litigation of this case nor took any action other than signing the Complaint and filing a Motion to Withdraw which was granted on August 12, 2004. Undersigned has done nothing that could be considered a violation of Fed.R.Civ.P. 11 (b) (3), 28 U.S.C 1927 or took any action in "bad faith". Assessment of attorney fees, costs and/or sanctions is inappropriate.

## II. RULE 11

Defendant cites Fed.R.Civ.P. 11(b) (3) specifically for an award of attorney's fees.

Defendant emphasizes only that portion of the rule which requires allegations or other

contentions have "evidentiary support". The **Advisory Committee Notes (1993**

**Amendments)** discuss what is required.

> The certification is that there is (or likely will be)
> "evidentiary support" for the allegation, not that the party
> will prevail with respect to its contention regarding the fact.
> That summary judgment is rendered against a party does
> not necessarily mean, for purposes of its certification, that
> it had no evidentiary support for its position.

At the time the Complaint was signed, before any discovery had been taken, there

was a reasonable basis to believe the allegations would be supported by evidence as

discovery progressed.

Defendant points to the Memorandum of Law in Opposition to Defendants Motion

for Summary Judgment filed by Mr. Martin on September 25, 2005 as a violation of Rule

11(b)(3). That document was not signed by me and was filed after the court granted my

Motion to Withdraw on August 12, 2004. A signature is required on a document to be

subject to Rule 11 sanctions.

> .....it is apparent that a sanction for attorneys' fees may be
> imposed either on the attorney who signs a paper, or on the
> party he represents, or on both. The key to Rule 11 lies in
> the certification flowing from the signature to a pleading,
> motion, or other paper in a lawsuit. While a continuing
> prohibition against dilatory litigation is imposed by 1927,
> *see Roadway Express*, 447 U.S. at 757,100 S. Ct. at 2459;
> *Browning Debenture Holders' Committee*, 560 F.2d at
> 1088, **rule 11, by contrast, deals with the signing of**
> **particular papers**[emphasis added] in violation of the

implicit certification invoked by the signature. **Oliveri v. Thompson 803 F 2d 1265, 1274 (6ᵗʰ Cir. 1986)**

Defendant attaches his letters of November 5, 2003 and December 11, 2003 to his Motion as proof of a Rule 11 violation. A review of those letters show they were never sent to me either in original form or by carbon copy. Not being aware of the deposition testimony or Defendant's request that the overtime claim be dismissed, I certainly can't be accused of asserting a claim that was without evidentiary foundation.

The record is devoid of any communication from defense counsel to me requesting any assistance at all in moving this litigation forward. Almost all communication was sent directly to Mr. Martin, without me being provided the benefit of a copy of the communication. Additionally, defense counsel never communicated to me, by phone or any other means, his concerns about any frivolous assertions or claims being made in this action. The **Advisory Committee Notes (1993 Amendments)** suggest less dramatic steps before a motion for sanctions becomes one's first notice of a problem.

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.

### III. RULE 28 U.S.C. SECTION 1927

Defendant also contends undersigned violated 28 U.S.C. 1927 by action which "multiplies the proceedings in any case unreasonably and vexatiously. " In **Rathbun v. Warren City Schools**, 825 F 2d 977, 983, (6ᵗʰ Cir.1987) the court reaffirmed the

3

definition of "unreasonably and vexatiously" first discussed in **U.S. v. Ross**, 535 F. 2d

346,346 (6th Cir.1976).

> …we initially defined "unreasonably and vexatiously"
> to mean "an intentional departure from proper conduct, or,
> at a minimum …a reckless disregard of the duty owed by
> counsel to the court" Id. at 349.  We stated that in **Ross** that
> unintended, inadvertent, and negligent acts will not support
> an award under section 1927, id. at 349-50, even if
> significant costs are incurred by the court and opposing
> parties as a result thereof.  As explained in **Colucci v. New
> York Times Co.**, 533 F.Supp. 1011, 1013-14
> (S.D.N.Y.1982), care must be taken in assessing attorney
> fees under Section 1927 lest attorneys be deterred from
> their duty to "represent [a] client zealously…."
>     More recently we have noted a relaxed standard
> applicable to Section 1927 determinations. …
>     Nevertheless, we do not read these subsequent cases as
> overruling the thrust of **Ross**, to wit, that simple
> inadvertence or negligence that frustrates the trial judge
> will not support a sanction under Section 1927.  There must
> be some conduct on the part of the subject attorney that
> trial judges, applying the collective wisdom of their
> experience on the bench, could agree fall short of the
> obligation owed by a member of the bar to the court and
> which, as a result, causes additional expense to the
> opposing party.

Defendant has not pointed to any action whatsoever by undersigned which can be

considered a violation of 28 U.S.C.1927.  As mentioned above, defense counsel never

communicated any of these concerns to me nor gave me an opportunity to correct any

problems which came up in moving the litigation forward.

Despite Defendant's success with his Motion for Summary Judgment, that hardly

justifies imposing attorney fees and expenses.  Even if the Plaintiff's claim for overtime

pay should have been dismissed by agreement, Mr. Martin's pursuit of the wrongful

termination claim was certainly not " unreasonable or vexatious" though ultimately

4

unsuccessful. **Oliveri v. Thompson** 803 F2d 1265, 1273 (6th Cir.1986) described the

offending conduct.

> Imposition of a sanction under 1927 requires a "clear
> showing of bad faith". *Kamen v. American Telephone &*
> *Telegraph Co.,* 791 F.2d 1006, 1010 (2d Cir. 1986)
> (quoting *State of West Virginia v. Chas. Pfizer & Co.,* 440
> F.2d 1079, 1092 (2d Cir.), *cert. denied,* 404 U.S. 871,92
> S.Ct. 81, 30 L.Ed.2d 115 (1971)). Like an award made
> pursuant to the court's inherent power, an award under
> 1927 is proper when the attorney's actions are so
> completely without merit as to require the conclusion that
> they must have been undertaken for some improper purpose
> such as delay.

In civil rights cases, the Sixth Circuit has been particularly reluctant to require

plaintiff's counsel to pay defense counsel's attorneys' fees. This is so because in these

cases it is very often difficult for a plaintiff to offer evidence other than his or her own

testimony as to the violation of rights. In **Jones v. Continental Corp.** 789 F2d

1225,1232 (1986) the Sixth Circuit held:

> [A]n award of attorney's fees against a losing Plaintiff in
> a civil rights action is an extreme sanction, and must be
> limited to truly egregious cases of misconduct. The
> Supreme Court has indicated that: a plaintiff should not be
> assessed his opponents' attorneys' fees unless a court finds
> that his claim was frivolous, unreasonable or
> groundless...**Christiansburg Garment Co. v. EEOC** 434
> U.S. 412,422, 98 S.Ct. 694,700, 54 L.Ed.2d 648 (1978)

In **Ridder v. City of Springfield**, 109 F.3d 288,299 (1977), the Sixth Circuit

elaborated on the rationale of Jones by acknowledging the inherent difficulty in obtaining

evidence in civil rights cases.

> We remain sensitive that "[a]n award of attorney's
> fees against a losing plaintiff in a civil rights action is an
> extreme sanction, and must be limited to truly egregious
> cases of misconduct." **Jones**, 789 F.2d at 1232. It is a

5

> function of the intrinsic nature of civil rights actions that on
> occasion Plaintiff's may not possess full evidentiary
> support at the outset.

Additionally, the fact that undersigned did not participate at all in the litigation of

the case weighs against imposition of sanctions.  This very court in **Conley v. KFC**

**Corporation** 622 F. Supp. 767, 768 ruled:

> Finally, in regard to the defendants' requests to assess
> fees against Mr. Lester, we do not believe that it would be
> appropriate to do so.  He did take part in the trial and
> conduct the examination of the plaintiff on direct.
> However, the record would indicate that the great majority
> of the decisions that were taken on plaintiff's behalf were
> apparently taken by her attorney-husband and not by Mr.
> Lester.  For that reason, we will not award a fee against Mr.
> Lester.

## IV. INHERENT POWERS

This court has the "inherent" discretion to award attorney' fees and costs.

However, concerning the undersigned, the Court must find "bad faith" in filing the

lawsuit; the only thing in this litigation undersigned did.  This case was not brought to

harass Defendants.  Plaintiff had a colorable claim for wrongful termination and it was

not until discovery was conducted that it appeared Plaintiff may not overcome

Defendant's Motion for Summary Judgment.  The fact that the Plaintiff was unsuccessful

and his claim was dismissed pursuant to this court's Summary Judgment Order is not

equivalent to being a claim brought in "bad faith." As the US Supreme Court stated in

**Christiansburg Garment Co. v. EEOC**, 434 U.S. 412:

> In applying this criterion, it is important that a
> district court resist the understandable temptation to engage
> in **post hoc** reasoning by concluding that, because a
> Plaintiff did not ultimately prevail, his action must have
> been unreasonable or without foundation.  This kind of

6

hindsight logic could discourage all but the most airtight claims, for seldom can a prospective Plaintiff be sure of ultimate success.  No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the onset, the course of litigation is rarely predictable.  Decisive facts may not emerge until discovery or trial.  The law may change or clarify in the midst of litigation.  **Even when the law or the facts appear questionable or unfavorable at the outset,** [emphasis added] a party may have an entirely reasonable ground for bringing suit. Id at 421

## V .CONCLUSION

There was a single thing done by undersigned that Defendant points to in trying to obtain sanctions, the signing and filing of the Complaint.  Unsuccessful though this case was, that is certainly no basis for assessing fees and costs in excess of $94,000.00.  Defendant's Motion should be denied.

Submitted this _21st_ day of _January_, 2005.

Kurt W. Anderson
1611 South Main St
Suite 14
P.O. Box 655
Hopkinsville, KY 42241-0655
(270)-885-1825

## REQUEST FOR HEARING

Plaintiff requests an opportunity to be heard on Plaintiff's counsel Defendant's Motion for Attorney's Fees, Costs and Sanctions.

## CERTIFICATE OF SERVICE

On this 21*st* day of _January_, 2005, the foregoing Motion was sent by regular mail to the Office of the Clerk, U.S. District Court, Paducah Division, Room 127, Federal Building, Paducah, Kentucky 42003.

Copies were mailed to:

Hon. John O. Sheller
SMITH & SMITH, ATTORNEYS
300 South, First Trust Centre
200 South Fifth Street
Louisville. KY 10202

Hon. Robert J. Martin
35 Crossland Avenue, Suite A
Clarksville, TN 37040

Hon. Gary J. Hodges
215 Legion Street
Second Floor, Suite 202
Clarksville, TN 37040

Kurt W. Anderson

8