UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:02CV-76-R

GERARD A. BAILEY,                                                                              PLAINTIFF

v.

PAPA JOHN'S U.S.A., INC.                                                                     DEFENDANT

## MEMORANDUM OPINION

Defendant Papa John's U.S.A., Inc. (Papa John's) has filed a Motion for Attorney Fees (Dkt. # 52). Plaintiff has responded (Dkt. # 55, 56, 59 and 61), and Defendant has replied (Dkt. # 57, 58, and 62), and this matter is now ripe for decision. For the reasons stated below, Defendant's motion is **GRANTED in part and DENIED in part**.

## BACKGROUND

Plaintiff Bailey filed the complaint in this action alleging (i) termination resulting from racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and (ii) failure to compensate for overtime worked in violation of the Fair Labor Standards Act (FLSA). On November 15, 2004, this Court granted Defendants' Motion for Summary Judgment, finding that Mr. Bailey had not presented evidence sufficient to raise a genuine issue of material fact for trial on either his Title VII claim or his FLSA claim. Mr. Bailey is currently appealing this decision to the Sixth Circuit Court of Appeals. In the meantime, Defendant seeks an order from this Court compelling Plaintiffs to compensate it for attorney fees, litigation expenses and costs incurred in defending the case. Defendant cites three bases for its request: Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and this Court's inherent power to award fees as described in *Roadway Express,*

1

*Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 287 (1981).  The Court will address each in turn.

## ANALYSIS

### *Claims against Kurt Anderson and Gary Hodges*

One of the responses to Defendant's motion was from Kurt W. Anderson, the attorney who initially filed Plaintiff's complaint.  After the filing, however, it appears that Mr. Anderson was not actively involved in the case, and the Court allowed Mr. Anderson to withdraw as counsel on August 12, 2004.  Defendant's arguments in this motion deal with counsel's actions in maintaining the claims to the summary judgment stage, especially in light of Plaintiff's deposition testimony.  It does not appear from the documents filed with the Court that Mr. Anderson was in any way involved in these decisions, nor did he sign the Response to Defendant's Motion for Summary Judgment.  Therefore, Defendant's Motion as to Mr. Anderson is denied.  Although Mr. Hodges did not file a response to this motion, it appears that his situation is similar to Mr. Anderson's and therefore the Motion as to him is also denied.

### *Fed. R. Civ. P. 11*

Rule 11 of the Federal Rules of Civil Procedure describes some of the circumstances under which courts may impose sanctions.  Rule 11(b)(3) provides that:

> [b]y presenting to the court ... a pleading, written motion, or other paper, an attorney ... is certifying that to the best of [his] knowledge, information, and belief, formed after reasonable inquiry under the circumstances, the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Subsection (c) of Rule 11 provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may ... impose an

appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." The Advisory Committee's commentary on the 1993 amendments to the rule note that

> ...if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention. Subdivision (b) does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses.

See also *Ridder v. City of Springfield*, 109 F.3d 288, 292 (6th Cir. 1997). That commentary also notes that "[s]ince the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." Further, it states that "[i]n cases brought under statutes providing for fees to be awarded to prevailing parties, the court should not employ cost-shifting under this rule in a manner that would be inconsistent with the standards that govern the statutory award of fees..." *Id.* The Sixth Circuit has held that "the test for imposition of Rule 11 sanctions is whether the attorney's conduct was reasonable under the circumstances." *Ridder*, 109 F.3d at 293 (citing *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990), *cert. denied*, 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990)).

The thrust of Defendant's argument for a Rule 11 violation is essentially that, as to both Plaintiff's Title VII claim and Plaintiff's FLSA claim, as of the time of the taking of Plaintiff's deposition it was so clear that there was insufficient evidence to support the claims that Plaintiff's pursuit thereof to the summary judgment stage constituted a violation of Rule 11. Specifically, since Rule 11 focuses on filings signed by the party or attorney in question, Defendants point to Plaintiff's Response to the Motion for Summary Judgment, in which

Plaintiff claimed that he could make out a prima facie case of race discrimination and that there was a genuine issue of material fact as to Plaintiff's FLSA claim.

In that responsive filing, Plaintiff cites an incorrect standard for the prima facie case; Plaintiff suggests that his action was governed by the test set forth in *Allen v. Michigan Dept. of Corrections*, which governs Title VII cases based upon a failure to promote, when in fact it was governed by the *Mitchell v. Toledo Hosp.* test for discharges allegedly in violation of Title VII. *Allen v. Michigan Dept. of Corrections*, 165 F.3d 405, 410 (6th Cir. 1999); *Mitchell v. Toledo Hosp.*, 964 F.2d 577 (6th Cir. 1992). Next, Plaintiff incorrectly asserted that "Defendant has conceded that the Plaintiff can prove the first three (3) elements in a prima facie [case]." (Response to Motion for Summary Judgment, Dkt. # 41, at 9). In fact, Defendant conceded the first, second, and *fourth* elements of the prima facie case; namely, that Plaintiff was a member of a protected class, that he was subjected to adverse employment action, and that he was replaced by a person outside the protected class.[1] (Motion for Summary Judgment, Dkt. # 14, at 20). Defendant challenged the third element of the prima facie case, which required Plaintiff to demonstrate that he was qualified for the position. *Id.* Defendant argued, and the Court agreed, that Plaintiff had not introduced evidence sufficient to raise a genuine issue of material fact as to the question of whether he was performing to his employer's reasonable satisfaction. (Memorandum Opinion, Dkt. # 47, at 5). Because the prima facie case failed, the Court did not reach the burden-shifting portion of the *McDonnell Douglas* analysis. There was not, however, a

---

[1] The two tests are similar, but the prong that Plaintiff argued Defendants challenged was that "there [was] a causal connection between the employment action ... and [Plaintiff's] status as a member of the protected class." *Allen*, 165 F.3d at 410. Plaintiff's arguments as to this causal connection are inapposite of the "qualified for the position" prong actually at issue.

4

complete lack of evidence to support Plaintiff's assertion that he was performing to his employer's reasonable satisfaction; he had received excellent reviews in the past and presented several circumstances which may have explained his store's performance deficiencies. The Court, however, found that these facts were insufficient as a matter of law to cause Defendant's expectation that he would work to remedy the profitability issues to have been unreasonable. For Rule 11 purposes, the Court cannot say that Plaintiff's allegation that he could make out a prima facie case for Title VII-prohibited discrimination was *without* evidentiary support. Therefore, the Court does not believe Rule 11 sanctions are appropriate.

As to the FSLA claim, Plaintiff asserted that he was not exempted from the provisions of the FLSA because he was not paid "on a salary basis" within the meaning of the Act. This argument was based upon a provision in the "performance improvement plan," which was drafted by Plaintiff's supervisor as an attempt to remedy the profitability issues with Plaintiff's store. The provision stated that, if Plaintiff's store failed to meet the goals set forth in the plan, his regular salary would be reduced by $50.00 in the future. The Court held that this provision was not the type of salary reduction which would remove an employee from the category of employees paid "on a salary basis" under the statute.

Although Defendant does not seek the award of fees under the provision in Title VII which grants district courts the authority to award them in cases brought under that statute, the Rule 11 commentary counsels that courts should not "employ cost-shifting under this rule in a manner that would be inconsistent with the standards that govern the statutory award of fees." Under § 706(k) of Title VII, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff

5

continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 701 54 L.Ed.2d 648 (1978).

Defendant's argument rests in part on Plaintiff's deposition testimony, in which, apparently without objection, Defendant's counsel asked Plaintiff to concede that he was paid on a salary basis under the FLSA, and Plaintiff did so concede. Given that there was no evidence to indicate that Plaintiff was an expert in labor law, the Court sees no reason that Plaintiff's *legal conclusion* ought to be binding on his counsel. Factual statements that constitute admissions, of course, might be another matter, but this legal conclusion alone is not sufficient to bind Plaintiff's counsel to the position that the FLSA claim was without merit. Nevertheless, the Court finds that Plaintiff's counsel ought to have come to the same conclusion independent of his client's opinion. In its Memorandum Opinion granting summary judgment, the Court analyzed whether the provision in the "performance improvement plan" would have removed Plaintiff from the category of an employee paid "on a salary basis" for FLSA purposes. As the Court noted, however, Plaintiff never signed or agreed to the plan, and there was no evidence introduced to indicate that the deduction was ever made. Further, there was no other evidence to indicate that Plaintiff was not paid on a salary basis within the meaning of the statute. The FLSA claim, then was without evidentiary support and Plaintiff's counsel's decision to pursue the claim to the summary judgment stage was unreasonable under the circumstances and in violation of his duty to the court under Rule 11.

*28 U.S.C. § 1927*

Defendant also argues that Plaintiff's counsel, in pursuing of Plaintiff's claims under the FLSA, acted in violation of 28 U.S.C. § 1927, which provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

The Sixth Circuit Court of Appeals has held that this provision "authorizes a court to assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety." *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). In that case, the court explained that a finding of "bad faith" on the part of the party in question was not required for liability under § 1927. *Id.* In *Ridder v. City of Springfield*, the Sixth Circuit Court of Appeals upheld a district court's grant of attorney fees pursuant to § 1927 in a civil rights case in which the plaintiff's attorney "brought suit against the City of Springfield and individual Springfield police officers without any evidence to support a basis for municipal liability, and he persisted in pressing the allegations for over five years, despite unearthing no evidentiary support for the claims even after full discovery." 109 F.3d 288, 298 (6th Cir. 1997).

Defendant's claim that Plaintiff's counsel in this case violated § 1927 derives from Plaintiff's counsel's failure to voluntarily dismiss the FLSA claim after his client's deposition, at which Defendant asserts it became clear that the claim lacked the necessary factual basis. As discussed *supra*, the claim was without evidentiary support. "[W]hen an attorney, though not guilty of conscious impropriety, intentionally pursues a claim that lacks plausible legal or factual basis" and when "an attorney knows or reasonably should know that a claim pursued is frivolous," that attorney has unreasonably and vexatiously multiplied the litigation, and an assessment of fees against that attorney is appropriate. *Jones*, 789 F.2d at 1230 (citing *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226-27 (7th Cir. 1984) (internal quotation marks omitted)). Plaintiff's counsel's decision to pursue the FLSA claim in this case after it became

7

clear that it lacked a factual basis meets this standard.

### *District Court's Inherent Power to Award Fees*

A district court has inherent authority "to award fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975) and *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir.1985)) (internal quotation marks omitted). To make such an award, "a district court must find that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Id.*, quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1375 (6th Cir. 1987). Although, as discussed *supra*, Plaintiff's FLSA claim was meritless, no evidence indicates that the claim was brought or litigated for the purpose of harassing Defendant or for any other improper purpose. Therefore, an exercise of the Court's discretion to award fees would be inappropriate in this case.

### *Amount of the award*

Because Plaintiff's counsel's unreasonable behavior stemmed only from his decision to pursue the FLSA claim to the summary judgment stage after it became clear that the claim lacked merit, he should only be responsible for such of Defendant's fees as are attributable to this claim, not the Title VII claim. The evidence indicates that none of the depositions taken in this case were attributable only to the FLSA claims and that the FLSA claim was only a small part of the defense of the case as a whole. Therefore, the Court will award Defendant $5,000 in attorney fees, which the Court believes reasonably reflects the amount of time added to the

litigation by Plaintiff's counsel's improper decision to pursue the FLSA claim to summary judgment.

*Costs*

Defendant also seeks recovery of costs pursuant to Fed. R. Civ. P. 54(d)(1), which provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Plaintiff argues that "the specific statutes regarding attorney's fees costs under Title VII should be adequate for this court to address the Defendant's last issue under Rule 54 costs." (Plaintiff's Response, Dkt. # 61, Attachment #1, at 19). Defendant has not invoked the attorney fee provisions of Title VII, but in any case the attorney fee provision would not govern an award of non-attorney fee costs. The court therefore awards costs to Defendant in the amount specified in Defendant's Bill of Costs. (Dkt. # 53)

## CONCLUSION

For the reasons above, the court **GRANTS** in part and **DENIES** in part Defendant's motion for attorney fees and costs. An appropriate order shall issue.